IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40663
Summary Calendar
_____

WILLIE CRAWFORD BENNETT,

Plaintiff-Appellant,

versus

JAMES A. COLLINS ET AL.,

Defendants,

TOMMY LANE; GEORGE OLIVARRI;
THOMAS SMITH,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-95-CV-145
- - - - - - - - - -

April 21, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Willie Crawford Bennett, Texas prisoner # 674077, appeals from the district court's order granting summary judgment in favor of the defendants in his civil rights complaint brought pursuant to 42 U.S.C. § 1983. Bennett argues that prison guards were deliberately indifferent to his safety. We have reviewed the record and the briefs of the parties, and we hold that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court did not err in determining that the prison guards' conduct in response to the altercation involving Bennett and another prisoner was objectively reasonable under the circumstances presented and in light of the prison policy addressing such situations. Accordingly, the determination that the defendants were qualifiedly immune from suit on Bennett's claim was not erroneous. See Rankin v. Klevenhagen, 5 F.3d 103, 105 (5th Cir. 1993).

Bennett also contends that the district court erred by dismissing his claim concerning his access to the courts. Bennett has not shown, and does not allege, that he had "no access to any library or any legal assistance." See Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993). Nor has he shown that prison officials impeded his ability "to prepare and transmit a necessary legal document to a court." See Pembroke v. Wood County, 981 F.2d 225, 229 (5th Cir. 1993). Accordingly, the district court did not err by dismissing the claim.

The district court's judgment should be AFFIRMED. Bennett's motion for the appointment of counsel should be DENIED.

JUDGMENT AFFIRMED; MOTION DENIED.